# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CIVIL ACTION NO. 5:14-CV-00145-TBR

TRAVIS DOBREY                                                                                    Plaintiff

v.

MULTIBAND FIELD SERVICES, INC.                                                       Defendant


## MEMORANDUM OPINION

This matter is before the Court upon Defendant Multiband Field Services, Inc.'s motion to dismiss or alternatively to compel arbitration and stay proceedings. (Docket #7). Plaintiff Travis Dobrey has responded. (Docket #9). Defendant has replied. (Docket #10). This matter now is ripe for adjudication. For the reasons that follow, Defendant's motion to dismiss will be GRANTED.

## BACKGROUND

Plaintiff Travis Dobrey is a former employee of Defendant Multiband Field Services, Inc. ("Multiband"). Among other things, Dobrey alleges that Multiband wrongfully terminated him for taking leave pursuant to the Family and Medical Leave Act. (Docket #1).

Multiband argues that Dobrey has signed an agreement requiring him to submit to arbitration all claims arising from his employment. Multiband has attached a copy of the arbitration agreement purportedly signed by Travis Dobrey. (Docket #7, Ex. 2). Multiband moves for this case to be dismissed, or alternatively, for proceedings to be stayed and arbitration compelled.

## DISCUSSION

Before compelling arbitration, the Court "must engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). Such review requires the Court to determine first whether "a valid agreement to arbitrate exists between the parties," and second whether "the specific dispute falls within the substantive scope of the agreement." *Id.* (quoting *Javitch*, 315 F.3d at 624).

Dobrey admits that his claims must be arbitrated "if Mr. Dobrey executed such an agreement." (Docket #9). Multiband has tendered a copy of an arbitration agreement which shows Dobrey's signature. (Docket #7, Ex. 2). Dobrey does not deny that this is his signature. Instead, Dobrey claims he was given a "purportedly complete copy of his personal file" after he was terminated which "did not contain the subject arbitration agreement." (Docket #9). Regardless of what Dobrey received upon termination, he has not disputed that he signed an arbitration agreement which covers these claims. *Great Earth Cos. v. Simmons*, 288 F.3d 878, 889 (6th Cir. 2002) ("In order to show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate").

Multiband requests this case be dismissed or alternatively be stayed pending arbitration. There is a split among circuit courts in whether a court should stay proceedings or dismiss the case. *Compare Lloyd v. Hovensa, LLC*, 369 F.3d 263 (3d Cir. 2004) *and Adair Bus. Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953 (10th Cir. 1994)

*with Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992) *and Sparling v. Hoffman Constr. Co.*, 864 F.2d 635 (9th Cir. 1988). The Sixth Circuit joins those circuits which favor dismissal. *Ozormoor v. T-Mobile USA, Inc.*, 345 F. App'x 972, 975 (6th Cir. 2009); *see also Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000).

## CONCLUSION

For the foregoing reasons, the Court will GRANT Multiband's motion and DISMISS Plaintiff's Complaint. Because Multiband has moved to compel arbitration only if this matter is stayed, the Court finds no reason to compel arbitration at this time. However, should Plaintiff wish to pursue his claims further, he must do so through arbitration in accordance with the terms of the arbitration agreement. An appropriate Order shall issue concurrently with this Opinion.


cc:      Counsel